UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1247(DSD/JJK)

Helen Williams,

       Plaintiff,

v.                                            **ORDER**

U.S. Bank National Association
ND, U.S. Bancorp, ABC Corporation,
John Doe and Mary Roe,

       Defendants.

    Helen Williams, 1700 Vincent Avenue North, Minneapolis, MN 55411, pro se.

    Kristine K. Nogosek, Esq. and Stein & Moore, PA, 332 Minnesota Street, Suite W1650, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motion to dismiss for lack of prosecution by defendants U.S. Bank National Association ND and U.S. Bancorp[1] (collectively, U.S. Bank). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

On April 25, 2012, plaintiff Helen Williams filed this action in Minnesota court, seeking rescission of the mortgage on her property at 1700 Vincent Avenue North in Minneapolis, Minnesota.

---

[1] Plaintiff Helen Williams also named - but did not serve - ABC Corporation, John Doe and Mary Roe as defendants.

Compl. at Prayer for Relief. Defendants timely removed and filed a counterclaim on May 23, 2012. See Countercl. ¶¶ 1-14, ECF No. 2.

On February 25, 2013, Williams's counsel Neil Thompson moved to withdraw as attorney, citing a breakdown in communication due to Williams's repeated failure to appear for case-related meetings. Mot. Withdraw 1-2, ECF No. 9. On March 12, 2013, the magistrate judge granted U.S. Bank's motion to compel discovery and cautioned that failure to comply with the order "may result in the dismissal of [the] case for failure of prosecution, upon motion of Defendants." ECF No. 16. That same day, the magistrate judge deferred ruling on the motion to withdraw. ECF No. 18. Thereafter, the motion to withdraw was granted on May 7, 2013.

On May 16, 2013, defendants filed a motion to dismiss for lack of prosecution and for non-compliance with the magistrate judge's discovery order. The court scheduled a hearing on the motion for July 12, 2013. On the eve of hearing, Williams submitted a purported response to U.S. Bank's request for admissions, interrogatories and production of documents.[2] See Nogosek Third Aff. Ex. A.

At the hearing on the motion, Williams appeared pro se and notified the court that she was in the process of obtaining

---

[2] Williams's response was severely lacking. Williams answered four of the five requests for admissions, zero of the twenty-six interrogatories and one of the fifteen requests for production. See Nogosek Third Aff. Ex. A.

2

counsel. At the hearing, the court notified Williams that she had fourteen days in which to either have counsel enter a notice of appearance or otherwise comply with the magistrate judge's discovery order. As of August 6, 2013, Williams had neither complied with the discovery order nor obtained counsel.[3]

**DISCUSSION**

A court may dismiss an action under Federal Rule of Civil Procedure 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Dismissing an action with prejudice under Rule 41(b) is "an extreme sanction [that] should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008) (citation and internal quotation marks omitted). And although pro se litigants "are usually entitled to a certain leeway in their compliance with the applicable rules," Grover-Tsimi v. Millpond Partners, No. 09-3544, 2010 WL 4979092, at

---

[3] Williams contacted the court by telephone on July 26, 2012, and explained that she did not have counsel and would not be able to comply with the discovery order. Williams also informed the court of her intention to request an extension of the July 26, 2012, deadline. In response, the court requested that she communicate with the court by letter. To date, the court has received no written correspondence from Williams.

3

\*2 (D. Minn. Oct. 18, 2010), they are not excused from complying with court orders. See Harris v. Forest Park Hosp., 335 F. App'x 665, 665 (8th Cir. 2009) (unpublished per curiam).

Under Rule 41(b), bad faith is not required to warrant dismissal. Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam). Rather, a plaintiff must only have "acted intentionally as opposed to accidentally or involuntarily." Id. (citation omitted). A defendant's failure to abide by a court order despite "a warning from the district court that [she] is skating on the thin ice of dismissal" evinces willfulness. Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1221 (8th Cir. 1998) (citation omitted).

In the present matter, Williams has willfully disregarded the court's orders and deadlines. Williams was given several warnings that failure to comply with the discovery order would result in dismissal. Specifically, the magistrate judge warned Williams that failure to comply "may result in the dismissal of her case for failure of prosecution." ECF No. 18. At the July 12, 2013, hearing, the court again warned Williams. Such warnings militate in favor of dismissal for failure to prosecute. See Rodgers, 135 F.3d at 1221. Indeed, Williams has not "made sincere efforts to complete discovery, inform the court of h[er] progress, [or] give explanations for any delays." Gold Dust Casino, 526 F.3d at 405. As a result, dismissal for failure to prosecute is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

    1.   Defendants' motion to dismiss with prejudice for lack of prosecution [ECF No. 21] is granted; and

    2.   Defendants' counterclaim is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 9, 2013

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court